VAN WYCK, C. J.
This is an action for breach of promise-
of marriage, and the complaint alleges: First, that plaintiff was. and is sole and unmarried; second, that “in March, 1894, she first formed the acquaintance'of defendant, their acquaintance thereupon ripened into mutual love, regard and affection.” Neither of these allegations were denied in the answer, hence plaintiff could not be forced to substantiate either by proof. The defendant (appellant) contends that it was error for the court to decline his request to charge the jury “that there is no evidence on the part of the plaintiff to show that this acquaintance ripened into mutual love and affection,” and again in the court’s refusal to charge his request “that plaintiff did not testify there was any love between her and defendant.” The defendant had admitted-by not denying in his answer the second paragraph of the complaint, that this acquaintance had ripened into mutual love and affection, and no evidence was required on the part of plaintiff to-show the same, nor need she testify as to such. Appellant contends that this allegation of the complaint as to mutual love and affection was not an allegation of the cause of action, or a part thereof, but of a mere element of damage. So, too, would be an allegation of plaintiff’s seduction by the defendant, and yet it would require no proof at trial to substantiate such an allegation,, if admitted by the answer. The admission by the defendant’s pleading that the acquaintance had ripened into mutual love and affection took that question from the realm of dispute, and eliminated the trial thereof from the case. This conclusion disposes of appellant’s contention regarding his challenge to the cause of the juror who said that it would not make any difference in the rendition of his verdict if at the time of the engagement there was no affection on plaintiff’s part for the defendant. It was not error to admit evidence of all the facts and circumstances attending the first meeting and -engagement of the parties, including the inquiry then made by defendant whether she was worth anything, her reply that she had saved up $500, and when she got married she expected to furnish her house with it; his request that if they became engaged he would like to have this money in his care until they were married; that the money was given to him for safe-keeping; that he refused to marry her, and told her he would not marry her unless she gave him more money; that she replied that she had given him $500, every cent she had, and he said that that money hád went away in smoke. At folio 58 defendant asked to have stricken out the testimony as to the $500, and the c.ourt ruled: “Excluded, except to show the general transaction between the parties. Allowed only to show the entire transaction.” And again, at folio 65, the court stated, “The $500 cannot be considered in fixing the damages, but is only permitted in connection with the entire transaction,” and at folio 133 defendant moved to strike out what hád been testified as to the $500, as it cannot be recovered in this action, and *553 “asks the court to instruct the jury that the $500 is not a subject-matter in this action, and cannot be considered by the jury,” and “the court here informed counsel that it would so instruct the jury;” and again, at folio 144, after both parties had closed, defendant requested the court to “charge the jury that the $500 claim or the return of the money has nothing to do with this case, and that it is not a matter for the jury to consider,” and the court stated, “I will so charge the jury;” and finally, at folio 148 in the charge in chief, the court instructed the jury that the fact, however, that the defendant received $500 forms no element of damages in this action, and it is not to be considered by the jury, under any circumstances, in fixing the amount of those damages. If the admitting of the evidence regarding the $500 was error, and if such error can ever be cured by instruction from the court to the jury, this is a case where it was so cured. But it was not error, for the jury, believing that evidence, could have lawfully found that the defendant had maliciously induced the plaintiff to engage herself to him without any intent on his part to marry her, but for the sole purpose of defrauding her of all of her money, and then refusing to marry her, in such wanton disregard of her feelings as to justify the jury in giving her exemplary damages. The verdict of $1,500 is certainly not excessive, and is not against the weight of evidence.
Judgment and order affirmed, with costs.
All concur. .